IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

DAVID OKES,

    Plaintiff,

v.                                             CIVIL ACTION NO. 1:19-00796

ANDREW SAUL, Commissioner
Of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the plaintiff's Response to Order to Show Cause to extend time to serve defendant.  (ECF No. 9.)  On February 24, 2020, the court entered an Order requiring the plaintiff to demonstrate good cause for not serving the defendant with process  within 90 days of filing of the complaint.  (ECF No. 8.)  Plaintiff timely filed his response on March 3, 2020.  (See ECF No. 9.)  In support of the motion, counsel for plaintiff asserts that good cause exists to permit service on defendant beyond the 90 day period required under Rule 4(m) of the Federal Rules of Civil Procedure.  (See id.) Plaintiff explains that the summons and Complaint were printed and ready to be served, but due to inadvertence by counsel for plaintiff, the summons and complaint were mistakenly placed with other summons and complaints in cases before this court that had

already been served.  (See id.)  Counsel for plaintiff adds that

he did timely respond to an order issued by the magistrate

relating to potential conflicts, and submits that such response

evidences counsel's intent to timely proceed in pursuit of

plaintiff's appeal of the ALJ's social security decision, had

the inadvertent misplacement of process described above not

occurred.  (See id.)

Under Rule 4, service must be perfected upon a defendant

within 90 days of filing the complaint.  Fed. R. Civ. P. 4(m).

If the plaintiff has not completed service within 90 days, the

court must determine whether the plaintiff has shown good cause

for failing to timely effect service.  Id.  The Fourth Circuit

has explained that "good cause" in the context of Rule 4(m)

"requires some showing of diligence on the part of the

plaintiffs . . . [and] generally exists when the failure of

service is due to external factors, such as the defendant's

intentional evasion of service."  Attkisson v. Holder, 925 F.3d

606, 627 (4th Cir. 2019).  A "plaintiff bears the burden . . .

of demonstrating good cause for any delay."  Iskander v.

Baltimore Cty., Md., 2011 WL 4632504, at *1 (D. Md. Oct. 3,

2011).  Courts often look to several factors to guide their

determination of whether a plaintiff has shown good cause, which

"include whether:  1) the delay in service was outside the

plaintiff's control, 2) the defendant was evasive, 3) the

plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Scott v. Maryland State Dep't of Labor, 673 F. App'x 299, 306 (4th Cir. 2016) (citations omitted). "What constitutes 'good cause' for purposes of Rule 4(m) 'necessarily is determined on a case-by-case basis within the discretion of the district court.'" Collins v. Thornton, 782 F. App'x 264, 267 (4th Cir. 2019) (quoting Scott, 673 F. App'x at 306 (4th Cir. 2016)).

Here, plaintiff's explanation for his failure to serve defendants does not constitute good cause, as none of the factors weigh in favor of plaintiff.  Failure to effectuate timely service due to negligent inadvertence, without reasonable efforts to find and correct such mistake, does not constitute good cause.

Counsel for plaintiff alternatively requests that the court use its discretion to enlarge the period for service if it did not find good cause.  (ECF No. 9.)  In support of this request, plaintiff states that if the court dismissed this matter without prejudice due to plaintiff's counsel's failure to serve defendant within 90 days, the statute of limitations would bar the refiling of an action to great prejudice upon plaintiff. (See id.)  He therefore argues that the burden and penalty

3

imposed on plaintiff with a dismissal, even without prejudice, far outweighs any impact or prejudice to defendant arising from the expansion of time for service.  (Id.)

Plaintiff correctly notes that under Rule 4(m), "even if there is no good cause shown . . . [district] courts have been accorded discretion to enlarge" the period for service. Henderson v. United States, 517 U.S. 654, 662 (1996) (quoting Advisory Committee's Notes); see, e.g., Escalante v. Tobar Constr., Inc., 2019 WL 109369, at *3 (D. Md. Jan. 3, 2019).[1] Courts have identified several non-exhaustive factors that guide the discretionary decision of whether to enlarge the service period.  Such factors include "(i) the possibility of prejudice to the defendant, (ii) the length of the delay and its impact on the proceedings, (iii) the reason(s) for the delay and whether the delay was within the plaintiff's control, (iv) whether the plaintiff sought an extension before the deadline, (v) the

---

[1] After the Supreme Court's decision in Henderson, the Fourth Circuit recognized that district courts have discretion to "extend[] the time for proper service of process," even absent good cause.  Scruggs v. Spartanburg Reg'l Med. Ctr., 1999 WL 957698, *2 (4th Cir. 1999).  This reading comports with the plain language of the 2015 revision to Rule 4(m), which states that a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); see Robinson v. G D C, Inc., 193 F. Supp. 3d 577, 583 (E.D. Va. 2016); see also, e.g., United States v. Woods, 571 U.S. 31, 45 (2013) (recognizing that the word "or" "is almost always disjunctive" and thus the "words it connects are to 'be given separate meanings'").

plaintiff's good faith, (vi) the plaintiff's pro se status, (vii) any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling, and (viii) whether time has previously been extended." Robinson, 193 F. Supp. 3d at 580 (citing Kurka v. Iowa Cty., 628 F.3d 953, 959 (8th Cir. 2010); Newby v. Enron, 284 F. App'x. 146, 149–51 (5th Cir. 2008); Carter v. Keystone, 278 F. App'x. 141, 142 (3d Cir. 2008); Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008); Wright & Miller, *Federal Practice & Procedure: § 1137* (2015)). The court now addresses these factors in turn.

First, it is unclear how defendants would suffer prejudice from extending plaintiff's time to serve.  Because the court cannot ascertain how defendants would be prejudiced by an extension of time, other than by the inherent prejudice in having to defend the suit, this factor supports permitting late service.  See Caimona, 2018 WL 6386023, at *6.  Second, the length of delay would not be excessive; the 90-day period for timely service has only recently passed and it appears that plaintiff will quickly be able to effectuate service once the court authorizes him to do so.  Third, the delay lies squarely within plaintiff's control and was the fault of plaintiff. Fourth, plaintiff failed to seek an extension before the deadline.  Fifth, there is no evidence that plaintiff has not been operating in good faith.  Sixth, plaintiff is not pro se

but is represented by counsel.  Seventh, a dismissal here will bar plaintiff from refiling his aging claims, as plaintiff correctly explained in his Response.  (See ECF No. 9.)  As the Supreme Court recognized, "the rules of procedure should be liberally construed [so] that 'mere technicalities' [do] not stand in the way of consideration of a case on its merits." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316 (1988). Additionally, the Advisory Committee Note to Rule 4(m) provides that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action."  Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. Plaintiff's consequent prejudice thus weighs in favor of enlarging the service time.  See, e.g., Scott, 673 F. App'x at 306; Neighbor v. JP Morgan Chase Bank, N.A., 2019 WL 5550076, at *3 (W.D.N.C. Oct. 25, 2019).  And eighth, this is the first extension of time requested.

Just over half of the factors – the first, second, fifth, seventh, and eighth – stand in favor of granting an extension of time for service, while the third, fourth, and sixth factors support dismissal.  But two additional considerations counsel that the court should grant an extension to plaintiff.  First, courts typically grant extra weight to factor seven, dealing with whether a dismissal would substantially prejudice plaintiff – and weighing in favor of plaintiff here.  See Caimona, 2018 WL

6386023, at *6.  And second, there is a preference to resolve cases on the merits rather than technical procedural grounds. See, e.g., Foster v. Tannenbaum, 2016 WL 7379025, at *2 (S.D.W. Va. Dec. 20, 2016) (citing United States v. Shaffer Equip. Co., 11 F.3d 450, 453 (4th Cir. 1993)).  Therefore, the court in its discretion will **EXTEND** the time for service of process pursuant to Rule 4(m).  Plaintiff's time to serve the defendant with process is **EXTENDED** 30 days from the issuance of this order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 5th day of June, 2020.

**ENTER:**

David A. Faber
Senior United States District Judge